No. 02-4031

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
MAR 11 2004
LEONARD GREEN, Clerk

CHARLES YOUNG, JR., )
)
Plaintiff-Appellant, )
)
v. ) ORDER
)
S. E. JOHNSON COMPANIES, INC., )
)
Defendant-Appellee. )
)

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.
This notice is to be prominently displayed if this decision is reproduced.

Before: BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; ALDRICH, District Judge.*

Charles Young Jr., an Ohio citizen, appeals pro se the summary judgment for defendant in an action he filed pursuant to section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Young filed this complaint against his former employer challenging his May 5, 2000 termination. Because Young had filed a race discrimination claim with the EEOC, defendant construed the complaint as one filed pursuant to Title VII of the Civil Rights Act of 1964, and moved for dismissal on the ground that the complaint was not filed within ninety days of the right-to-sue letter. The motion was referred to a magistrate judge, who recommended that it be granted. Young filed objections, stating that he was not filing a race discrimination claim, but a claim of a breach of the collective bargaining agreement. The district court remanded the matter to the magistrate judge

---

*The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

for consideration under the LMRA. Defendant renewed its motion to dismiss, this time on the ground that Young had not filed a grievance or arbitrated his discharge. The magistrate judge recommended that the renewed motion, construed as one for summary judgment, be granted. Young did not object to this recommendation, which was adopted by the district court; summary judgment for defendant was then entered. Both the district court and this court denied Young pauper status to appeal, and he has now paid the filing fee. His briefs are construed as reiterating the claim raised below.

Upon review, we conclude that Young waived his right to appeal the summary judgment in this case by failing to object to the magistrate judge's report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 155 (1985). He was clearly aware of the requirement to file objections, as he had filed objections to the magistrate judge's original report. Moreover, justice does not require relaxation of the requirement to file objections in this case, because the summary judgment for defendant was obviously correct. Young failed to file a grievance of his termination, as required before filing suit under the LMRA. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37 (1987). Young argues that he did not file a grievance because defendant misled the union into believing that he was terminated due to lack of work, when really his termination was in retaliation for having reported that carpenters were being required to do another trade's job. Nevertheless, if Young believed his termination was a violation of the collective bargaining agreement, he was required to exhaust his grievance and arbitration remedies. Finally, it also appears that the complaint in this case would be barred by the six-month statute of limitations on LMRA claims. *Ryan v. General Motors Corp.*, 929 F.2d 1105, 1111 (6th Cir. 1989).

For all of the above reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

_____
Clerk